### AFFIDAVIT OF GINA M. GALANTINO IN SUPPORT OF CRIMINAL COMPLAINT

I, Gina M. Galantino, state:

### Introduction and Affiant Background

1.  I am a Special Agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") and have been so employed since 2020. I am currently assigned to the Boston Field Office. I am a graduate of the Federal Law Enforcement Training Center, where I completed ATF Special Agent Basic Training and the Criminal Investigator Training Program. During the course of my law enforcement career, I have participated in the execution of state and federal search and/or arrest warrants for violations of firearms and controlled substance laws.

2.  As a Special Agent for ATF, some of my duties include conducting criminal investigations into cases of illegal possession/transfer of firearms, firearms trafficking, and drug trafficking. Through my training, knowledge, and experience, I have become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the illegal use and trafficking of firearms and controlled substances and the unlawful use or possession of firearms. I have been the affiant on affidavits in support of federal search warrants and arrest warrants. I have participated in and performed surveillance and made arrests of firearms and narcotics traffickers who utilize their electronic devices and/or computer equipment to further their illegal activity. During the course of my professional experience, I have interviewed numerous defendants, witnesses, victims, confidential informants, and other police officers regarding the illegal use and trafficking of firearms and controlled substances and the unlawful use or possession of firearms. As a result of my training and experience, and information provided to me by other law enforcement officers, I have an understanding of the various roles played by individuals or

1

groups involved in the trafficking of controlled substances and firearms. I have interviewed admitted drug traffickers, drug users, informants, cooperating defendants, and local, state, and federal law enforcement officers regarding the manner in which drug traffickers distribute, obtain, finance, store, manufacture, transport, and distribute illegal drugs. As such, I am familiar with the methods, routines, and practices of individuals involved in the use, sale, and trafficking of narcotics, including those involving purchasing, manufacturing, storing, and distributing controlled substances, the collection and laundering of illegal proceeds, and the efforts of persons involved in such activities to avoid detection by law enforcement. I am also familiar with the terminology and slang commonly employed by drug traffickers. I have observed and examined numerous types of controlled substances and I am familiar with the packaging, pricing structure, distribution methods, and street jargon associated with their sale and use. I have also encountered and become familiar with the various tools, methods, trends, and paraphernalia used by drug traffickers and trafficking organizations in their efforts to import, conceal, manufacture, and distribute controlled substances.

3. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms and controlled substances laws. In this regard, I know that it is a violation of Title 21, United States Code, Section 841(a)(1) to possess with intent to distribute controlled substances. I submit this affidavit in support of an application for a criminal complaint alleging that, on or about September 30, 2022, Jameel GIBBONS did possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). Based on an ongoing investigation, investigators have identified GIBBONS as being a member/associate of the Heath Street Gang. I am further aware that, in or around 2018, GIBBONS was convicted

in the District of Massachusetts of multiple charges possession of cocaine and cocaine base with the intent to distribute and distribution of cocaine base in the area of the Mildred C. Hailey Apartments.

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other investigators and witnesses. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of the requested criminal complaint. Accordingly, I have not included each and every fact known to me and other investigators involved in this investigation.

## **PROBABLE CAUSE**

5. On September 30, 2022, at approximately 9:33 p.m., GIBBONS was approached by multiple members of the Boston Police Department Youth Violence Strike Force (YVSF) in front of 287 Center Street. GIBBONS was in the company of multiple other individuals who have been identified as Heath Street Gang members/associates pursuant to an ongoing investigation.

6. Approximately one hour prior to this encounter, Boston Housing Authority police officers had observed GIBBONS with Dominique Finch (who has been identified as a Heath Street Gang member and who, like GIBBONS, has been previously convicted of federal drug trafficking crimes occurring at the Mildred C. Hailey Apartments) on a security camera. The camera recorded Finch tying off a plastic baggie consistent with street-level drug trafficking. GIBBONS was also caught on camera holding a plastic baggie consistent with obtaining the baggie from Finch. The Boston Housing Authority officers alerted BPD. The two agreed for safety purposes that BPD would respond with members of the YVSF. Thus, at the time of the

encounter, the YVSF officers had knowledge about (1) GIBBONS' being captured on a security feed consistent with possessing drugs, and (2) GIBBONS' criminal history, including drug trafficking and violent crimes.

7. During the encounter with GIBBONS, one officer noticed that GIBBONS kept placing his hands in his pockets. The officer asked GIBBONS to remove his hands from his pockets and brought his hands towards GIBBONS' waist area. Before he could touch GIBBONS, GIBBONS pushed the officer's hand away and began aggressively speaking to the officer. The officer observed that GIBBONS had a white substance in his mouth which the officer believed could be cocaine base. The investigator became concerned that GIBBONS was both hiding cocaine base in his mouth and potentially had a weapon on his person. The officer asked GIBBONS to place his hands behind his back in order to conduct a pat-frisk. The officer observed that GIBBONS was chewing what appeared to be drugs in his mouth in a potential attempt to destroy evidence. Multiple officers tried to secure GIBBONS. GIBBONS resisted these actions, including multiple requests to place his hands behind his back.

8. GIBBONS also attempted to retrieve something from his right pocket while refusing to comply and physically resisting multiple officers. Four officers thereafter took GIBBONS to the ground to try to immobilize him. When on the ground, GIBBONS continued to physically resist officers and to reach into his right pocket. GIBBONS ignored loud instructions to cease resisting and to stop reaching into his pocket. GIBBONS continued to ignore these instructions despite officers stating that they would need to deploy a TASER if he continued to fight with the officers. The TASER was deployed and GIBBONS ceased struggling. He was thereafter handcuffed.

9.      A YVSF officer searched the right interior pocket of GIBBONS' sweatpants and found: (1) a folding knife; (2) several plastic baggies of cocaine; (3) two small twists of fentanyl; and (4) a small number of pills (one of the pills was positive for methamphetamine).  The presence of cocaine, fentanyl and methamphetamine in the above substances has been confirmed through laboratory analysis.  The drug amounts were consistent with street-level distribution.  The drugs were also packaged consistent with distribution.

## CONCLUSION

10.     Given the above facts, there is probable cause to believe that Jameel GIBBONS possessed controlled substances with the intent to distribute them in violation of Title 21, United States Code, Section 841(a)(1).

_____
Special Agent Gina M. Galantino
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me telephonically in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 on February ___, 2024.

_____
HON. DONALD L. CABELL
CHIEF UNITED STATES MAGISTRATE JUDGE